United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PIERRE RUSHING[1],

        Petitioner,

   v.

ROBERT NEUSCHMID,

        Respondent.

Case No.18-cv-02351-HRL

**REPORT AND RECOMMENDATION RE: MOTION TO STAY**

**ORDER REASSIGNING CASE TO A DISTRICT JUDGE**

## I.    INTRODUCTION

Petitioner Pierre Rushing[1] ("Rushing"), a prisoner at the California State Prison, Solano, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Pet., Dkt. No. 1. He now moves to stay the proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005), so he may fully exhaust his remedies in the state courts. Mot., Dkt. No. 1-2.

Not all parties have consented to proceed before a magistrate judge, so the undersigned lacks authority to rule on Rushing's motion to stay. *Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015) (holding motion to stay habeas proceedings is generally dispositive under 28 U.S.C. § 636); *see also Williams v. King*, 875 F.3d 500 (9th Cir. 2017) (magistrate judge lacked authority to rule on dispositive motion without consent of all parties). Accordingly, the undersigned orders that the case be reassigned to a district judge and, for the reasons explained below, recommends

---

[1] Although Pierre Rushing appears to be Petitioner's real name, he was referred to in the state court proceedings as "Pierre Smith". Pet. at 9-10. Whether Rushing is known by a particular nickname, and how the trial court treated evidence on that point, is one of the issues Rushing now raises in his federal habeas petition.

that the district judge deny the motion.

## II.   BACKGROUND

In 2011 an Alameda County Superior Court jury found Rushing guilty of first degree murder with the use of a firearm.  The court sentenced Rushing to prison for fifty years to life.  Pet. at 9.[2]

Rushing pursued a direct appeal, Case No. A133769, and while that was pending, he filed a habeas petition in state court, Case No. A137965.[3][4]  *Id.*  The state appellate court consolidated the two cases, affirmed the judgment on direct appeal, and remanded the habeas petition to the Superior Court for an evidentiary hearing.  *Id.*  The California Supreme Court denied Rushing's petition for review of the direct appeal in late 2013.  *Id.*  As for the habeas petition, the Superior Court held an evidentiary hearing and denied Rushing's petition on April 26, 2017.  *Id.* at 9-10.

About four months later, Rushing, proceeding *pro se*, filed a federal habeas petition in this court.  *Id.* at 10.  The respondent moved to dismiss for failure to exhaust state remedies.  *Id.*  In the motion to dismiss, however, respondent took the position that although "petitioner's direct review became final in early 2014, his pursuit of collateral review in state court . . . sufficiently tolled the statute [of limitations] to render the instant federal petition timely."  *Rushing v. Ducart*, 5:17-cv-5195-BLF ("*Rushing I*"), Dkt. No. 11 at 1.  The court granted Rushing leave to dismiss the petition without prejudice in February 2017.  Pet. at 10.

Rushing's petition goes on to explain, "On April 11, 2017, petitioner filed a petition for writ of habeas corpus in the Court of Appeal of the State of California, First Appellate District raising the issues that were denied after the evidentiary hearing.  (A154055)[.]"  *Id*.  The date in

---

[2] Pinpoint citations refer to the ECF-generated page numbers at the top of each e-filed document.

[3] California has an "'unusual system of independent collateral review' in which 'a prisoner seeks review of a lower court's denial of relief by filing an original petition for habeas corpus in the review court,' rather than an appeal . . . ."  *Mitchell*, 791 F.3d at 1172 n.5 (*quoting Banjo v. Ayers*, 615 F.3d 964, 968 (9th Cir. 2010)).

[4] The petition says the direct appeal and habeas petition were filed "in this court."  Based on the attachments to the petition and the general context, the reference to "this court" appears to be a typographical error.  The direct appeal and state habeas petition were filed in California state court.

United States District Court
Northern District of California

that passage appears to be incorrect: according to the website of the California judiciary, Rushing filed his second state court habeas petition, Case No. A154055, on April 11, 2018, not in 2017.[5]

Rushing returned to federal court less than a week later, on April 18, 2018, but this time he had a lawyer.  Rushing filed a habeas petition and, most important for present purposes, a motion to stay the proceedings.  In his motion to stay, Rushing explains that his latest federal habeas petition is "mixed," and that he is pursuing relief on his unexhausted claims as part of his second state court habeas petition.  Mem. at 1, Dkt. No. 1-3.  He asks the Court to stay the federal proceedings while the second state court habeas petition is under review.

### III.    GOVERNING LAW

A district court may not adjudicate mixed habeas petitions, that is, petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982).  When presented with a mixed petition, a court may stay the federal proceedings to allow the petitioner to return to state court to exhaust all of his claims, but a court's discretion to issue a stay is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  In light of AEDPA, stay of a mixed petition is available in "only limited circumstances," because it frustrates Congress' dual objectives of encouraging finality of state court judgments and streamlining federal habeas proceedings.  *Id.* at 277.  Accordingly, a petitioner must meet three conditions to justify a stay: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Mitchell*, 791 F.3d at 1171 (*citing Rhines* 544 U.S. at 277-78.).

---

[5] *Appellate Courts Case Information*, California Courts, http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=1&doc_id=2248776 &doc_no=A154055&request_token=NiIwLSIkXkw6WzBdSCNdXE9JQEA6UVxfJiNeRz9SICA gCg%3D%3D (last visited May 4, 2018).  The undersigned also notes that this second state court habeas case is styled "*In re PIERRE SMITH on Habeas Corpus*."

United States District Court
Northern District of California

United States District Court
Northern District of California

## IV.    DISCUSSION

### A.    Good Cause

The undersigned concludes that Rushing has good cause for not exhausting his state court remedies before filing his latest federal petition. Given the complexities of AEDPA's statute of limitations, and of California law concerning whether a state habeas petition is timely filed, it was reasonable for Rushing to file a mixed federal habeas petition at this time.

Under AEDPA, a state prisoner has one year to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year clock can begin running on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." *Id.* § 2244(d)(1)(A). A "properly filed application for State post-conviction" relief tolls the limitations period. *Id.* § 2244(d)(2).

Thanks to the interplay between, on the one hand, AEDPA's limitations and tolling provisions and, on the other hand, Rushing's previous attempt at seeking federal relief, Rushing's one year is almost up. Assuming, as the respondent in *Rushing I* contended, that the AEDPA deadline was tolled while Rushing pursued his first state court habeas petition, then the AEDPA clock first began running on April 26, 2017. 28 U.S.C. § 2244(d)(1)(A). Without the benefit of counsel, Rushing then embarked on an ultimately fruitless federal habeas case, which was dismissed in February 2018. Rushing lost almost ten months in the interim. Rushing returned to state court on April 11, 2018, a mere fifteen days before April 26, when the one-year window would close. Assuming Rushing's second state habeas petition was "properly filed," the AEDPA clock was again tolled on April 11, 2018. 28 U.S.C. § 2244(d)(2). But that leaves him only fifteen days from the end of the state proceedings until the last day on which he can timely file a federal petition. In other words, had Rushing not filed a federal petition now and sought a stay, then once he exhausted all of his claims in state court, he would have to file a federal petition within fifteen days or have his entire case time-barred by AEDPA.

Courts in this district have found good cause for a petitioner's failure to exhaust state remedies in similar circumstances. *See, e.g.*, *Choi v. Garnette*, No. 15-CV-03492-LB, 2015 WL 7454144, at *3 (N.D. Cal. Nov. 24, 2015) (finding good cause where petitioner had sixteen days

4

left on AEDPA clock).  Even with careful and diligent lawyering, fifteen days does not leave much room for error, especially when the stakes are so high.  *See DeLongis v. Ollison*, No. 06-cv-4236-PJH, 2006 WL 2355073, at \*1 (N.D. Cal. Aug. 14, 2006) ("absent a stay, any small delay in notification to petitioner [from the state courts] may result in the forfeiture of his rights under AEDPA.").  To be sure, Rushing may not have acted promptly between the end of his first state habeas case and the start of his first federal habeas case.  Much of Rushing's lost time, however, is attributable to the unsuccessful first federal habeas petition, when Rushing did not have an attorney.  He has since obtained a lawyer and moved with reasonable speed to assert and preserve his rights.

Moreover, California law makes it difficult for Rushing to know for sure if his latest state habeas petition was "properly filed" within the meaning of AEDPA.  In California, a petitioner must file a habeas petition without "substantial delay," a nebulous term that creates the possibility that a petition will be deemed not properly filed after years of litigation.  *See Mitchell*, 791 F.3d at 1172 n.5; *Choi*, 2015 WL 7454144, at \*4.  "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him" to file a mixed federal petition and then move for a stay.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  That is exactly what Rushing has done here.

In sum, the undersigned is satisfied that Rushing established good cause for not exhausting his state court remedies before seeking federal relief.

### B.    Potentially Meritorious Claims

A court abuses its discretion to grant a stay if the petitioner's unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277 (*citing* 28 U.S.C. § 2254(b)(2)) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the application to exhaust the remedies available in the courts of the State."); *see also Mitchell*, 791 F.3d at 1171 (petitioner entitled to stay if unexhausted claims are "potentially meritorious.").  To state a cognizable habeas claim, the petitioner must assert that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

According to Rushing, his petition contains three unexhausted claims (Claims V-VII).

United States District Court
Northern District of California

5

Under Claim V, "he was denied his Fourteenth Amendment right to Due Process because evidence discovered after trial shows that he is not guilty of the crimes for which he was convicted." Mem. at 1-2. Under Claim VI, "the superior court erred in failing to consider one of the affidavits included in the original habeas petition in violation of his Fourteenth Amendment right to Due Process." *Id.* at 2. Finally, under Claim VII, he argues that "the prosecution withheld potential impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Id.*

Rushing's argument begins and ends with the conclusory assertion that his claims are "arguably meritorious." *Id.* at 3. Nevertheless, the undersigned agrees that Claim VII, the *Brady* claim, is not plainly meritless. Rushing is in custody, his claim asserts a federal constitutional deficiency, and such a claim is at least potentially cognizable on a federal habeas petition. *See Amado v. Gonzalez*, 758 F.3d 1119, 1133-41 (9th Cir. 2014) (reversing denial of petition based on *Brady* claim). On Claims V and VI, however, Rushing runs into trouble.

Claims V and VI concern related issues. Rushing's first state court habeas petition alleged that newly discovered evidence proved his factual innocence. To support his claim, he presented affidavits from Patrick Smith ("Smith") and Yolanda Washington ("Washington"). In Claim V, Rushing argues that when the Superior Court denied his habeas petition, it committed error by concluding that Smith was not credible. Pet. at 41-48. As for Claim VI, Rushing argues that the Superior Court committed error by failing to even consider Washington's affidavit, which the court concluded did not amount to newly discovered evidence. *Id.* at 48-51. Both claims, therefore, are based on alleged errors that took place during Rushing's state court collateral review of his conviction.

In the Ninth Circuit, "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). As the Eighth Circuit explained:

> "habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself . . . ."

United States District Court
Northern District of California

*Williams v. Missouri.*, 640 F.2d 140, 144 (8th Cir. 1981). Here, Claims V and VI concern proceedings collateral to Rushing's conviction rather than his conviction itself. Ninth Circuit law appears to preclude Rushing from successfully asserting such claims in a federal habeas petition. The undersigned is therefore not satisfied that Rushing met his burden of showing that these two claims are even "arguably meritorious."[6]

### C.      Intentionally dilatory litigation tactics

Finally, the undersigned sees no evidence of intentionally dilatory or abusive tactics by Rushing. *See Rhines*, 544 U.S. at 278. As noted above, much of the delay in this case was due to the unsuccessful first federal petition, when Rushing lacked an attorney. He dismissed his case when it became apparent that his petition was defective, and then moved with reasonable speed to obtain an attorney and restart his efforts to obtain federal relief.

## V.      CONCLUSION

For the reasons explained above, the undersigned orders that this case be reassigned. The undersigned also recommends that the district judge deny Rushing's motion to stay, at least conditionally. Rushing has not established that Claims V and VI (concerning alleged errors in the state habeas proceedings) are even arguably meritorious. If Rushing dismisses those claims, then nothing should stop the court from staying the federal proceedings so Rushing can exhaust his state court remedies as to Claim VII (the *Brady* claim). In its present form, however, the case should not be stayed.

Objections to this order, if any, are due by May 21, 2018. 28 U.S.C. §§ 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

---

[6] Additionally, Rushing's arguments concerning Claims V and VI concern, in large part, whether the superior court correctly applied California Penal Code § 1473. The undersigned notes that a state court's error of state law is not a valid basis for federal habeas relief, unless the error amounts to a due process violation. *See Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) ("In short, violations of state law are not cognizable on federal habeas review."); *see also Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) ("The only question for us is 'whether the [alleged error] by itself so infected the entire trial that the resulting conviction violates due process.'") (citation omitted).

7

**IT IS SO ORDERED.**

Dated: May 7, 2018

_____
HOWARD R. LLOYD
United States Magistrate Judge