**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

PIERRE RUSHING,

    Petitioner,

v.

ROBERT NEUSCHMID, Warden,

    Respondent.

Case No. 18-cv-02351-BLF

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART; AND GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE**

Petitioner Pierre Rushing, a state prisoner represented by counsel, has filed petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion for stay and abeyance to permit him to exhaust state court remedies as to Claims V, VI, and VII of the petition. Petition & Motion, ECF 1. The case initially was assigned to Magistrate Judge Howard R. Lloyd. On May 7, 2018, Judge Lloyd issued a Report and Recommendation ("R&R") indicating that he lacked authority to rule on the motion for stay and abeyance, directing that the case be reassigned to a district judge, and recommending that the motion for stay and abeyance be denied. R&R, ECF 3. Rushing timely filed a motion to extend his deadline to file objections to the R&R, and timely filed objections within the extended deadline set by the Court. Order Granting Extension, ECF 7; Objections, ECF 8.

Judge Lloyd applied the correct test, under which a motion for stay and abeyance should be granted "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Judge Lloyd concluded that Rushing had satisfied all three conditions, at least with respect to Claim VII, which asserts a violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). R&R at 4-7, ECF 3. However, Judge Lloyd recommended denying Rushing's motion for stay and abeyance based on his conclusion that Claims V and VI are without merit. *Id.*

Judge Lloyd did not cite any authority for the proposition that a district court must determine that *each and every* unexhausted claim in a mixed petition is potentially meritorious before granting a stay, and this Court has discovered none. To the contrary, the Ninth Circuit has stated that "[a] federal habeas petitioner must establish that *at least one* of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (emphasis added). Because this Court agrees with Judge Lloyd's determination that Rushing has established that at least one of his unexhausted claims is not plainly meritless, and has satisfied the other conditions articulated in *Rhines*, the Court will grant Rushing's motion for stay and abeyance.

Accordingly, the Court:

(1) ADOPTS the R&R IN PART;

(2) GRANTS the motion for stay and abeyance; and

(3) DIRECTS Rushing to file a status report on or before October 1, 2018.

**IT IS SO ORDERED.**

Dated: June 1, 2018

BETH LABSON FREEMAN
United States District Judge

2